IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RALPH CASAS,  )
  )  CIVIL ACTION NO.: CV214-089
      Petitioner,  )
  )
v.  )
  )
  )
SUZANNE R. HASTINGS, Warden,  )
  )
      Respondent.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Ralph Casas ("Casas"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, to which Casas filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Casas' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Casas was convicted in the District of Puerto Rico, after a jury trial, of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. Casas was sentenced to life imprisonment. Casas filed a direct appeal, and he asserted that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because the jury did not determine the drug quantity the conspiracy distributed. The First Circuit Court of Appeals affirmed Casas' conviction and sentence and noted that the jury used a special verdict form and

determined the conspiracy was responsible for distributing over 9,400 kilograms of cocaine. United States v. Casas, 356 F.3d 104, 127–28 (1st Cir. 2004).

Casas filed a 28 U.S.C. § 2255 motion in the District of Puerto Rico and again asserted that his sentence violated Apprendi. The trial court denied Casas' motion for three (3) reasons: 1) Apprendi does not apply retroactively to cases on collateral review; 2) the jury made a specific drug quantity finding; and 3) he raised the same claim on direct appeal. (Doc. No. 8, pp. 2–3).

Casas then filed a motion for leave to file a second or successive § 2255 motion with the First Circuit. The First Circuit denied this application because Casas did not cite a new rule of constitutional law; Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), does not apply retroactively to cases on collateral review; and his ineffective assistance of counsel did not rest on newly discovered evidence. Casas v. United States, No. 14-1317 (1st Cir. May 14, 2014).

In this petition, Casas asserts that the remedy afforded under § 2255 is inadequate or ineffective to challenge the legality of his sentence. Casas contends that Alleyne establishes that he is actually innocent of violating the "aggravated statute", 21 U.S.C. § 841(b)(1)(A), and a fundamental defect occurred during sentencing. (Doc. No. 1, p. 5). Casas asserts that Alleyne applies retroactively to his case, his claims were foreclosed by First Circuit precedent, and he is being punished for an uncharged crime for which a jury did not find him guilty. Respondent asserts that Casas fails to meet the savings clause of 28 U.S.C. § 2255.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petition must show that the remedy afforded under section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in

original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay [v. United States, 553 U.S. 137 (2008)], as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum authorized by Congress in § 924(a); and (5) the

savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty [authorized].

Bryant, 738 F.3d at 1274 (11th Cir. 2013). A petitioner must satisfy all five (5) of these requirements to obtain relief under Bryant. Under Bryant, Casas must establish that the rule announced in the case upon which he relies, Alleyne, applies retroactively to cases on collateral review.

Following its decision in Bryant, the Eleventh Circuit has stated that Alleyne does not apply retroactively to cases on collateral review. In Chester v. Warden, 552 F. App'x 887, 890 (11th Cir. 2014), the petitioner's "only available avenue for collateral relief in a § 2241 petition [was] through § 2255(e)'s savings clause." The Eleventh Circuit stated, "because it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review." Id. at 891 (citation omitted). The Eleventh Circuit, in considering Alleyne "for the purposes of [ ] direct appeal," stated that, "doing so is not intended to suggest that Alleyne applies retroactively to cases on collateral review. Alleyne was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared Alleyne to be retroactive on collateral review . . . [a]nd Alleyne has not been made retroactive through any combination of cases that necessarily dictate retroactivity." United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (citation omitted). The decision in Schriro v. Summerlin, 542 U.S. 348 (2004), supports the determination that decisions based upon Apprendi are not retroactively applicable on collateral review. The Supreme Court held in Schriro that the decision in Ring v. Arizona, 536 U.S. 584 (2002)—a case also based upon the principle established in Apprendi—"announced a new procedural rule that does not apply retroactively to cases already final on direct review." 542 U.S. at 358.

Casas previously brought a § 2255 motion and a recent application for leave to file a second or successive § 2255 motion based on Alleyne in the district of his conviction. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). It appears that Casas is attempting to bring a second or successive § 2255 motion pursuant to § 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Casas relies upon Alleyne, which is merely an extension of Apprendi, his claims are not based upon any retroactively applicable Supreme Court decision; thus, he does not fulfill the first condition to invoke the savings clause or to proceed under § 2255(h). Casas does not satisfy the savings clause, and the Court need not address the relative merits of his section 2241 petition. Because Casas has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Without commenting on the relative merits of Casas' contention based on United States v. Ramirez-Negron, 751 F.3d 42 (1st Cir. 2014), he should pursue his contention in a district court which lies within the First Circuit.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Casas' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE